UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
 VARREL E. MITCHELL,

                                Plaintiff,

       -v.-                                                    9:06-CV-0186
                                                               (GLS)(DEP)
HON. THOMAS BRESLIN, Albany County
Court Judge, *et al.*,

                                Defendants.
--------------------------------------------------------------------------
 APPEARANCES:

VARREL E. MITCHELL
03-A-4497
Plaintiff, *pro se*

GARY L. SHARPE, U.S. DISTRICT JUDGE

## ORDER

        The Clerk has sent to the Court a civil rights Complaint, together with an

application to proceed *in forma pauperis*, filed by Varrell Mitchell ("Plaintiff" or

"Mitchell"), who is currently incarcerated at the Coxsackie Correctional Facility.

        In his *pro se* Complaint, Plaintiff alleges that the Defendants have wrongfully

disseminated details of his conviction, and have facilitated assaults on him by other

inmates.  For a more complete statement of Plaintiff's claims, reference is made to the

entire Complaint.

        With respect to Judge Breslin, Plaintiff alleges that the Judge wrongfully sent the

papers relative to Plaintiff's conviction to the facilities where Plaintiff has been

incarcerated.  However, the law in this Circuit clearly provides that "[j]udges enjoy

**absolute immunity** from personal liability for 'acts committed within their judicial

jurisdiction.'"  *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting

*Pierson v. Ray*, 386 U.S. 547 (1967)).  "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  *Young*, 41 F.3d at 51 (internal quotations omitted). Thus, Judge Breslin will be dismissed from this action.

With respect to Defendants Spitzer, Annucci, Malone and Soares, the basis for Plaintiff's claim against each of these Dfendants is that Plaintiff wrote letters of complaint to them which they did not address.  "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983.' "  *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994) (quoting *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir.1991)). However, a prison official does not become personally involved in an alleged constitutional violation by merely receiving or forwarding a letter from a prisoner for investigation.  *Davidson v. Talbot*, 2005 WL 928620, *7 (N.D.N.Y. 2005)(Treece, M.J.). *See also*, *Thomas v. Coombe*, 1998 WL 391143, *6 (S.D.N.Y. 1998)(the fact that an official ignored a letter alleging unconstitutional conduct is not enough to establish personal involvement); *Sealey v. Giltner*, 116 F.3d 47, 51 (prison supervisors can not be deemed personally involved based simply on a response to a complaint); *Woods v. Goord*, 1998 WL 740782, *6 (S.D.N.Y. 1998)(receiving letters or complaints does not render the official personally liable under §1983). Accordingly, Defendants Spitzer, Annucci, Malone and Soares will be dismissed from this action.

Finally, with respect to Defendant McLaughlin, Plaintiff has failed to set forth any allegation of personal involvement by McLaughlin.  Thus, Defendant McLaughlin will be dismissed from this action.

2

As to Plaintiff's *in forma pauperis* application, after reviewing the entire file, the Court finds that the Plaintiff may properly proceed with this matter *in forma pauperis*.

WHEREFORE, it is hereby

ORDERED, that Defendants Breslin, Spitzer, Annucci, Malone, McLaughlin and Soares are **DISMISSED** from this action, and it is further

ORDERED, that Plaintiff's *in forma pauperis* application is granted.[1]  The Clerk shall issue Summonses and forward them, along with copies of the Complaint, to the United States Marshal for service upon the remaining Defendants, and serve a copy of this Order and the Complaint on the Office of the New York State Attorney General, and it is further

ORDERED, that the Clerk provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's authorization form, and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $250.00 pursuant to 28 U.S.C. § 1915, and it is further

ORDERED, that the Clerk provide a copy of Plaintiff's authorization form to the Financial Deputy of the Clerk's Office, and it is further

ORDERED, that a response to Plaintiff's Complaint be filed by the Defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the Defendants, and it is further

ORDERED, that all pleadings, motions and other documents relating to this

---

[1] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do same will result in the dismissal of this action.** All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is further

ORDERED, that the Clerk serve a copy of this Order on the Plaintiff by regular mail.

IT IS SO ORDERED.

Dated:        February 21, 2006
              Albany, New York

Gary L. Sharpe
U.S. District Judge

4