UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
VARREL E. MITCHELL,

                    Plaintiff,

   -v.-                                                9:06-CV-0186
                                                                (GLS)(DEP)

HON. THOMAS BRESLIN, Albany County
Court Judge, *et al.*,

                    Defendants.
-----------------------------------------------------------------------

| APPEARANCES: | OF COUNSEL: |
|---|---|
| VARREL E. MITCHELL<br>03-A-4497<br>Plaintiff, *pro se* | |
| ROCHE, CORRIGAN LAW FIRM<br>36 South Pearl Street<br>Albany, NY 12207 | ROBERT P. ROCHE, ESQ. |
| HON. ANDREW M. CUOMO<br>Office of the Attorney General<br>State of New York<br>Department of Law<br>The Capitol<br>Albany, New York 12224 | RISA L. VIGLUCCI, ESQ. |

DAVID E. PEEBLES, MAGISTRATE JUDGE

## ORDER

      Presently before the Court is a Motion to Compel Discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure filed by the Plaintiff Varrel Mitchell ("Plaintiff" or "Mitchell"). Docket No. 37.

**A.    Plaintiff's Motion to Compel**

      Annexed to Plaintiff's Motion are: (1) Request for Production of Documents

dated July 29, 2006 directed to the County Defendants;[1] (2) Second Request for Discovery dated September 19, 2006 directed to the County Defendants; (3) Interrogatories dated October 29, 2006 directed to the County Defendants; and, (4) Demands for Production of Documents dated July 29, 2006 directed to the State Defendants. Plaintiff also attached to his Motion the responses to the July 29, 2006 Document Demands served by both the County and State Defendants. Plaintiff states that he cannot locate a copy of any second Document Demand directed to counsel for the State Defendants.

In his Motion, Plaintiff complains that "the defendants refuse to provide plaintiff with prior complaints filed against defendants that is [sic] identical to the one filed by plaintiff," and that "defendants [sic] Albany County refuses to answer interrogatories within thirty days as the rule requires." Docket No. 37, page 1. Plaintiff states that he "made diligent efforts through the mail to resolve said disputes but to no avail." Docket No. 37, page 3. Plaintiff did not attach any such correspondence to his Motion.

Finally, Plaintiff alleges that he served counsel for the County Defendants with a Notice to Answer Interrogatories. However, these documents are, in fact, Interrogatories directed specifically to Defendant Icoe and a Deputy John Lawrence.[2]

### B.     Defendants' Responses to the Motion

The State Defendants have opposed this Motion. Docket No. 38. In their

---

[1] The "County Defendants" are Mr. Icoe and "John Doe" aka Thin Man. All other Defendants are New York State employees from the Coxsackie Correctional Facility, collectively referred to as the "State Defendants."

[2] John Lawrence in not a named party in this action.

2

opposition papers counsel states that she has served responses to all demands received from Plaintiff. Further, counsel asserts that she has searched her file and cannot find that she ever received a second request for discovery as suggested in Plaintiff's Motion. In addition, counsel states that she has not received any communication from Plaintiff addressing any potential discovery disputes. Docket No. 38. Finally, counsel states that Plaintiff refers to exhibits that were not attached to her copy of the Motion. However, counsel does not identify what exhibits are missing from her set of papers.

The County Defendants assert that they have responded to all discovery demands that Plaintiff has served on them. Docket No. 39. Counsel for the County Defendants further states they have offered to re-serve Plaintiff if he did not receive their papers and, since making that offer, they have heard nothing further from Plaintiff. *Id.* Finally, counsel for the County Defendants states that "... we adopt and concur with everything AAG Viglucci has filed with the Court to date. Her analysis of the predicament we have with Mr. Mitchell is completely accurate." *Id.*

**C.   Discussion**

   **1.   Failure to Confer**

The Pretrial Order issued by this Court specifically advised the Plaintiff of Local Rule 7.1(d), and cautioned Mitchell that any Motion to Compel, not accompanied by documentation that substantiates his efforts to resolve any discovery disputes prior to the filing of such Motion, will be denied for failure to comply with the Local Rules. *See* Dkt. No. 35. Plaintiff has obviously read the Pretrial Order, as he quotes portions of it in

his Motion. Nevertheless, Plaintiff has not submitted documentation which indicates that he made any good faith efforts to resolve the instant discovery disputes prior to filing his Motion to Compel. Accordingly, the Motion could be denied on this basis alone.

### 2. County Defendants' Responses

By this Motion, Plaintiff complains that the County Defendants "refuse[s] to answer interrogatories within thirty days."[3] Docket No. 37, page 1.

In response to this Motion, the County Defendants assert that they have fully complied with all of Plaintiff's discovery demands, and, they have received no communications from Plaintiff regarding any unanswered demands. Plaintiff has not controverted Defendants' assertions. In addition, the Court has reviewed the discovery responses that Plaintiff did provide to the Court, and find that the County Defendants' responses were proper. Accordingly, based upon the papers before this Court, Plaintiff's Motion must be denied with respect to the County Defendants.

### 3. State Defendants' Responses.

Plaintiff complains that the State Defendants refused to provide him with "prior complaints filed against defendants that is [sic] identical to the one filed by plaintiff." Docket No. 37, page 1. After review of the discovery demands that Plaintiff served on the State Defendants, it would appear that Plaintiff may be referring to Demand 3 or Demand 18. However, neither Demand 3 or 18 is reasonably tailored to address the facts, allegations and claims contained in Plaintiff's Complaint. Accordingly, the Court

---

[3] While neither party addressed the issue, Rule 33 permits Interrogatories to *parties.* John Lawrence is not a named party in this action and, therefore, has no obligation to respond to Interrogatories in this action.

4

finds that the Defendants' objections to these demands were proper and justified. Further, after review of the State Defendants' August 22, 2006 responses to Plaintiff's Demand for Documents annexed to this Motion, the Court finds that the State Defendants have properly responded to the demands posed. Therefore, Plaintiff's Motion to Compel must be denied.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion to Compel (Docket No. 37) is DENIED, and it is further

ORDERED, that the dispositive motion deadline in this matter be reset to **June 29, 2007**, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   April 13, 2007
         Syracuse, NY

5