**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**VARREL E. MITCHELL,**

                **Plaintiff,**　　　　　　　　　No. 9:06-cv-00186
　　　　　　　　　　　　　　　　　　　　　　　　(GLS/DEP)
          v.

**VINCENT IGOE, Albany County Sheriff's**
**Deputy,** *et al.*,

                **Defendants.**
_____

**APPEARANCES:**　　　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**

Varrel E. Mitchell
*Pro Se*
03-A-4497
Livingston Correctional Facility
P.O. Box 49
Rt. 36, Sonyea Road
Sonyea, NY 14556

**FOR DEFENDANT IGOE:**

Office of Robert P. Roche　　　　　　ROBERT P. ROCHE, ESQ.
36 South Pearl Street
Albany, NY 12207

**FOR REMAINING DEFENDANTS:**

HON. ANDREW CUOMO　　　　　　STEPHEN M. KERWIN, ESQ.
New York Attorney General　　　　　Assistant Attorney General

615 Erie Boulevard West
Suite 102
Syracuse, NY 13204-2455

**Gary L. Sharpe**
**U.S. District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

The above-captioned matter comes to this court following a Report-Recommendation and Order (R&R) by Magistrate Judge David E. Peebles, filed April 28, 2009. (Dkt. No. 57.) The R&R[1] recommended that (1) defendants' motions for summary judgment be granted; (2) Mitchell's complaint be dismissed in its entirety; and (3) Mitchell's cross-motions for summary judgment be denied. Pending are Mitchell's objections to the R&R. (Dkt. No. 58.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Background

Varrel E. Mitchell, an inmate at the Coxsackie Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by (1) disseminating details of his

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

conviction to DOCS employees and inmates within the Coxsackie facility[2] and (2) interfering with Mitchell's access to the courts by depriving him of the court file stemming from his Albany County conviction. (*See generally* Compl., Dkt. No. 1; *see also* R&R at 7, Dkt. No. 57.) Defendants moved for summary judgment arguing *inter alia* that Mitchell's complaint contained conclusory allegations which lacked factual support and must be dismissed. (*See* Dkt. Nos. 44, 45.) Mitchell filed a response and cross-motions for summary judgment against both sets of defendants. (*See* Dkt. Nos. 51, 52.)

On April 28, 2009, Judge Peebles recommended dismissal of Mitchell's complaint. The court will now review the R&R and the objections raised by Mitchell.

### III. Standard of Review

Before entering final judgment, this court routinely reviews all report-recommendations in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and

---

[2] Mitchell claims that as a result of defendants' alleged disclosure, he experienced recrimination, and faced a danger of assault and abuse from fellow inmates. He therefore argues that defendants' disclosure amounts to a violation of defendants' Eighth Amendment obligation to protect him from harm. (*See* R&R at 23, Dkt. No. 57.)

recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole,* No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the magistrate judge's findings and recommendations for clear error. *See id.*

## IV. Discussion

In recommending dismissal of each of Mitchell's claims, Judge Peebles pointed to an overall lack of evidence to support Mitchell's conclusory allegations. (*See* R&R at 26-28, 32-34, 35, Dkt. No. 57.) Mitchell's objections to the R&R, which are voluminous and difficult to comprehend, are general and vague in nature. They are essentially an attempt by Mitchell to reargue his case and contradict the R&R by repeating the same type of conclusory allegations asserted in his complaint. (*See generally* Objections, Dkt. No. 58.) Interpreted generously, his objections appear to be that Judge Peebles failed to properly weigh the evidence and failed to treat Mitchell's claims individually. (*See, e.g.*, *id.* at ¶¶ 58, 75, 76, 91, 92, 96.) These objections are without merit. Thus, upon review of each portion of the R&R for clear error, the

court finds no error and adopts Judge Peebles' recommendations in their entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Peebles' July 10, 2009 Report-Recommendation and Order is adopted in its entirety, whereby:

1. Defendants' motions for summary judgment are granted;
2. Mitchell's complaint is dismissed in its entirety; and
3. Mitchell's cross-motions for summary judgment are denied; and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
September 24, 2009

_____
United States District Court Judge